IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 1768 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC. and EQUIFAX INFORMATION | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons explained below, defendants' motion for judgment on the pleadings is granted.

**BACKGROUND**

Pro se plaintiff, Lauren Parker, brought this action against five defendants—three alleged debt collectors and two credit reporting agencies ("CRAs")—for violation of several federal statutes. Plaintiff's claims relate to a debt she deems "fraudulent" that appeared on her credit reports. (ECF No. 1, Compl. ¶¶ 15-30.) The remaining defendants, CRAs Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian"), are alleged to have violated the Fair Credit Reporting Act (the "Act").

Defendants move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The Court set a briefing schedule, but plaintiff did not respond to defendants' motion.

**DISCUSSION**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). The Court's task is to determine whether the well-pleaded factual allegations, taken as true and viewed in favor of the nonmoving party, state a facially plausible claim for relief. *Hanover Ins. Co. v. R.W. Dunteman Co.*, 51 F.4th 779, 785 (7th Cir. 2022); *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The Court need not, however, take as true any legal assertions. *Lodholtz*, 778 F.3d at 639. In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments attached to those pleadings. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Resolution of

the case pursuant to Rule 12(c) is appropriate only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (internal punctuation and citation omitted).

    Plaintiff alleges as follows in relevant part. On May 16, 2019, plaintiff entered into a contract with "Credit Repair USA, which she later discovered is Credit Innovations also known as Pieta Holdings LLC." (Compl. ¶ 15.) "The contract was for seven months and therefore[] was scheduled to end" in December 2019. (*Id.*) Plaintiff "discovered that Credit Innovations violated the law and was not legally able to collect payment before service was rendered. However, the plaintiff had made all seven payments and service was not completed." (*Id.* ¶ 16.) Credit Innovations "continued to take out payments" from plaintiff's checking account "after the contract was confirmed to be terminated." (*Id.* ¶ 17.) Plaintiff disputed these charges with Credit Innovations and her bank. Her bank "refunded the charges," but Credit Innovations threatened to "take legal action" and "send the account to collections" if plaintiff did not pay additional exorbitant fees. (*Id.* ¶¶ 20-21.)

    Plaintiff further alleges that Credit Innovations and another entity called Southwest Recovery Services ("Southwest") "furnished fraudulent information" to CRAs Equifax and Experian and "through Equifax and Experian to all of Plaintiff's potential lenders on multiple occasions." (*Id.* ¶ 30.) Specifically, in May 2020, plaintiff "discovered Credit Innovations reporting on her Equifax credit file and [Southwest] reporting on her Experian credit file." (*Id.* ¶ 22.) Plaintiff called Southwest and asked whether Credit Innovations had sold the debt. Southwest responded that "they were only doing the collecting and credit reporting." (*Id.* ¶ 23.) Plaintiff disputed the debts with Equifax and Experian, which both responded that the accounts had been "verified after 'investigation.'" (*Id.* ¶ 25.) The "account was deleted" from plaintiff's Equifax credit file in mid-June 2021 but was "reinserted" on the file on June 26, 2021 "with the name of the collection agency changed from Credit Innovations to [Southwest]." (*Id.* ¶¶ 26-27.) After further communications between plaintiff and Credit Innovations ensued, the "account" was subsequently "deleted" from plaintiff's "Experian credit file." (*Id.* ¶ 29.)

    According to plaintiff, Equifax and Experian violated the Act, 15 U.S.C. §§ 1681e(b), 1681b(a)(2), and 1681i, by (1) "failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports" they furnished regarding plaintiff; (2) "prepar[ing] false and materially misleading consumer reporting concerning Plaintiff"; (3) failing to furnish plaintiff's credit report in accordance with her written instructions; (4) failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information; (5) failing to provide notification of plaintiff's dispute to Credit Innovations and [Southwest] and "failing to include all information as part of the notice to Credit Innovations and [Southwest] regarding Plaintiff's disputes that Equifax and Experian received from Plaintiff"; (6) "failing to review and consider all relevant information that [they] received from Plaintiff with regard to the subject accounts"; (7) failing to delete or modify the inaccurate information that was the subject of plaintiff's disputes; and (8) "reporting disputed information without certification from Credit Innovations and [Southwest] that the information was complete and accurate, and without sending notice of re-reporting to Plaintiff." (*Id.* ¶¶ 55-61.) As to (1), (3), (4), (5), and (8), the factual allegations of the complaint are insufficient to support these legal conclusions. But there is a bigger problem that

2

dooms the complaint in its entirety as to the CRAs—the limited scope of their duties under the Act.

"The Act imposes duties on consumer reporting agencies to prepare consumer credit reports using 'reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates.'" *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (citing 15 U.S.C. § 1681e(b)). "When a consumer disputes information in [her] report, the Act also requires a CRA to conduct a 'reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.'" *Id.* (citing § 1681i(a)(1)(A)). "To state a claim under the Act's accurate reporting (§ 1681e) and reinvestigation provisions (§ 1681i), the consumer must sufficiently allege that [her] credit report contains inaccurate information." *Id.* (emphasis omitted) (citing *Wantz v. Experian Info. Sols.*, 386 F.3d 829, 834 (7th Cir. 2004); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)). This principle applies equally to plaintiff's § 1681b claim, in which she alleges that the CRAs failed to furnish her credit reports "in accordance with" her written instructions. Plaintiff's theory is evidently that she told them that the debt was disputed but they continued to report it as a debt, contrary to her instructions; that claim also hinges on the accuracy of what was contained in the reports.

Under Seventh Circuit case law, "inaccurate" information means *factually* inaccurate information. *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020). The Act does not impose a duty on CRAs to determine the legality of a disputed debt. *Id.*; *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 566 (7th Cir. 2021). Equifax and Experian contend that plaintiff has not sufficiently alleged that her credit reports contained inaccurate information within the meaning of the Act. The Court agrees. The facts as set forth in the complaint indicate that plaintiff disputed the legal validity of a debt to "Credit Innovations also known as Pieta Holdings LLC" and possibly whether the debt had been assigned to Southwest. These are questions that require legal determinations, placing them outside the competency of a CRA. *See Chuluunbat*, 4 F.4th at 568-69. Plaintiff's assertion is that the debt is possibly legally inaccurate, not factually inaccurate.[1] The complaint therefore falls short of stating a plausible claim for relief against the CRAs.[2] *See id.*; *Denan*, 959 F.3d at 297 ("[P]laintiffs' complaint pleaded only speculative legal inaccuracies, so no reinvestigation by Trans Union could have uncovered an inaccuracy in Denan's credit report."). Plaintiff has waived any argument to the contrary by failing to respond to defendants' motion. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Equifax and Experian are entitled to judgment on the pleadings.

---

[1] Plaintiff does not allege any facts indicating that a tribunal decided any legal issue as to the disputed debt.

[2] The Seventh Circuit noted in *Chuluunbat*: "The plaintiffs here are not left without recourse. They could confront the creditors who are in the best position to respond to assertions that they do not own the plaintiffs' debts." 4 F.4th at 569. Indeed, plaintiff named the creditors as defendants in this lawsuit and entered into settlements with them.

3

## CONCLUSION

The motion of defendants Equifax Information Services LLC and Experian Information Solutions, Inc. for judgment on the pleadings [42] is granted. Judgment will be entered in favor of those defendants and against plaintiff. There are no remaining defendants, so this civil case is terminated. All pending schedules and motions, including defendants' motion to stay discovery, are stricken as moot.

**DATE:** December 7, 2022

*Ronald A. Guzmán*

**Hon. Ronald A. Guzmán**
**United States District Judge**

4